IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41444
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ALFREDO PEDRAZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-588-ALL
--------------------
September 4, 2002

Before JOLLY, JONES, and PARKER, Circuit Judges:

PER CURIAM:*

    Luis Alfredo Pedraza appeals his jury-trial convictions of conspiracy to possess over 1000 kilograms of marijuana with intent to distribute and possession of over 1000 kilograms of marijuana with intent to distribute. After a thorough review of the trial record, we conclude that the evidence was sufficient to support the convictions. United States v. Ortega Reyna, 148 F.3d 540, 543 (5th

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Cir. 1998).  The jury was entitled to find Pedraza's explanation of how he acquired a trailer containing over 4200 pounds of marijuana and his intended destination to be less than credible and to draw an inference that Pedraza had knowledge of the contraband.  See United States v. Diaz-Carreon, 915 F.2d 951, 955 (5th Cir. 1990).  With respect to the conspiracy conviction, the jury could properly infer that Pedraza had an agreement with one or more persons with respect to the possession, transportation, and delivery of the marijuana based upon (1) Pedraza's testimony that he obtained the trailer from two other individuals; (2) Pedraza's possession and use of a two-way radio device and his incomplete explanation of its use; and (3) the effort required to secrete such a large quantity of marijuana.  See United States v. Gutierrez-Farias, 294 F.3d 657, 661 (5th Cir. 2002).

Pedraza argues that his conviction was obtained through guilt by association based on evidence that he associated with trial witness Hector Alonzo.  Pedraza has failed to show reversible error as juries are presumed to have followed the trial judge's limiting instruction, informing them that the evidence of Alonzo's conviction could be considered in evaluating the credibility of Alonzo's testimony but could not be considered in determining Pedraza's guilt.  United States v. Dixon, 185 F.3d 393, 400 (5th Cir. 1999).

Pedraza requests a new trial.  He argues that the Government

2

presented false evidence with respect to the testimony of Agent Roberto Perez and a report prepared by Perez. However, Pedraza has failed to show that Perez's testimony, or his report, was actually false. United States v. O'Keefe, 128 F.3d 885, 893 (5th Cir. 1997).

Pedraza also argues that he is entitled to a new trial based on allegedly improper questions and comments by the prosecuting attorney. Pedraza has not shown an entitlement to relief as the trial judge gave an effective limiting instruction, curing any conceivable prejudice. United States v. Andrews, 22 F.3d 1328, 1341 (5th Cir. 1994).

Pedraza also suggests that the Government implied in closing argument that it had additional knowledge of his involvement with the marijuana, misrepresented that Pedraza had violated the law by occupying a warehouse, and vouched for the credibility of Government witnesses and opined as to Pedraza's veracity. Pedraza has failed to show plain error. See id.

Finally, Pedraza argues that, taken together, the alleged instances of Government misconduct in his prosecution constitute outrageous conduct requiring that his convictions be reversed and that the case be dismissed. However, Pedraza has failed to show that he suffered prejudice as a result of any of the alleged individual instances of misconduct. United States v. Birdsell, 775 F.2d 645, 654 (5th Cir. 1985).

AFFIRMED.